IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.5:16-cv-350-FL

| | |
|---|---|
| JOHN L. KRUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARGON MEDICAL DEVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## **PROTECTIVE ORDER**

**WHEREAS** this action involves claims by Plaintiff of unlawful discharge because of his age and/or alleged protected activity and Defendant's denial of same on the basis of legitimate non-discriminatory discharge based on unsatisfactory work performance;

**WHEREAS** discovery in this matter is likely to involve the production of documents, things, and witness testimony containing confidential and proprietary business records and employee personnel records to fully evaluate Plaintiff's claims and Defendant's defenses;

**WHEREAS** this action includes an assertion that Plaintiff has suffered emotional distress allegedly as a result of the claimed wrongful conduct;

**WHEREAS** Defendant has requested production of Plaintiff's medical records in order to fully evaluate his claim of emotional distress;

**WHEREAS** the Parties have, through counsel, stipulated to the entry of this Protective Order, which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

**WHEREAS** the information sought to be protected is private and confidential; that disclosure of the information outside the confines of this litigation could violate privacy interests of the Plaintiff and Defendant's employees (current and former); that disclosure of information outside the confines of this litigation could harm Defendant's legitimate business interests in protecting proprietary records and information; and that the sharing of the information sought to be protected will promote fairness and efficiency in the litigation.

**NOW, THEREFORE, IT IS ORDERED** that:

1. "Confidential" as used herein refers to any confidential, proprietary, or financial business information, trade secrets, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party, including, but not limited to, corporate financial statements or financial records; corporate policies; and customer and sales information or contracts; medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered; personal information about Plaintiff and Defendant's current or former employees, including, but not limited to, personnel records and other employment-related information; records related to time worked and pay; income tax records; documents related to employee benefits; and all other documents containing private employment-related information, health-related information, spouse and other dependent information; all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments; and Financial information (such as

2
Case 5:16-cv-00350-FL   Document 18   Filed 09/27/16   Page 2 of 8

tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income.

2. Any party to this action, prior to the production by it of any documents of a confidential or proprietary nature, shall have the right to mark such document with the heading "CONFIDENTIAL." Both the first page and all subsequent pages of the document shall be so marked. The documents so designated, and the information contained therein (hereinafter collectively referred to as "Confidential Information"), shall not be disclosed by the party to whom such documents have been produced, other than to:

(a) the party's attorneys (including employees and independent contractors of said attorneys, and Defendant's in-house counsel);

(b) a party, or in the case of a corporate party, employees of the corporate party when such disclosure is determined by the corporate party to be necessary in connection with the litigation;

(c) any expert witnesses retained by a party in this litigation;

(d) any Mediator retained by all affected Parties, including such Mediator's staff, provided the disclosure is made in the course of mediation;

(e) any court reporters and/or videographers retained for use in this matter;

(f) any deponent (solely for the purposes of his/her deposition or preparation for that deposition) if such information is reasonably likely to be relevant to the deposition;

(g) any witness if such information is reasonably likely to be relevant to that witness's knowledge or subject matter of testimony, but the witness shall not be able to retain any Confidential Material;

(h) any person who is indicated, on the face of a document containing such information, to be the author or recipient of such document, or who, during a deposition, is established as knowledgeable of the contents of such document; and

(i) this or any other Court before which this litigation is pending, including any Court personnel, such as court reporters, clerks and the like.

3. Any party to this action may designate documents obtained by way of subpoena and/or medical authorizations as "Confidential Information" by so stating within twenty days after receipt of the documents and any such designated documents shall thereafter be subject to all of the provisions of this Consent Protective Order.

4. Any party to this action may designate one or more portions of any transcript (including exhibits) of a deposition containing confidential or proprietary information as "Confidential Information" by so stating in the course of the deposition, or within twenty days after receipt of the transcript, and any such designated portions shall thereafter be subject to all of the provisions of this Consent Protective Order.

5. Prior to a disclosure to any persons identified in Paragraph 2(b), 2(c), 2(f), 2(g), or 2(h) above, the person to whom disclosure is to be made shall be furnished with a copy of this Consent Protective Order. Each such person is bound by the terms of this Order, and is subject to the jurisdiction of this Court in the event of any violation.

6. Documents subject to this Order may be used as exhibits or otherwise during depositions in this lawsuit. Prior to the use of any such documents during the deposition of a witness who is not produced for deposition by the party asserting confidentiality, the deponent shall be provided with a copy of the Order and advised that he/she is required to maintain the confidentiality of the protected information.

7. If a party disagrees with the designation of any document as Confidential, that party must notify, in writing, counsel for the designating party within twenty (20) days of receipt of the documents marked "CONFIDENTIAL." Within twenty (20) days of receipt of such notice, the designating party shall either (1) notify the objecting party in writing that it will agree to the declassification requested or (2) contact the Court to resolve the dispute. Until the dispute is resolved, the designated material in question shall continue to be treated as "Confidential Information" subject to the terms of this Consent Protective Order. If the designating party does not contact the Court within the allotted time, the material in question will automatically become declassified.

8. No person bound by this Consent Protective Order shall disclose any "Confidential Information," either orally or in writing, to any person to whom disclosure is not authorized by the terms hereof.

9. All "Confidential Information" herein produced shall be used only in connection with this litigation and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

10. All "Confidential Information" hereinafter filed with the Court shall comply with the procedure for filing set forth in *Stone v. University of Maryland Medical System Corp.*, 855 F.2D 178, 180-181 (4th Cir. 1988). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or

5
Case 5:16-cv-00350-FL   Document 18   Filed 09/27/16   Page 5 of 8

the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

11. Before ruling on any motion to seal, the Court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the Court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the Court will notify persons present in the courtroom proceedings of the motion. The Court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

12. Any documents filed under seal pursuant to Court order will be filed in accordance with Section T of the Court's Electronic Case Filing and Administrative Policies and Procedures Manual or such other procedure as the Court may designate.

13. Within thirty (30) days after termination of this litigation, including any and all appeals taken therefrom, or within thirty (30) days after the time for taking such appeals has expired without appeal having been taken, counsel shall return to opposing counsel all discovery and copies thereof subject to this Consent Protective Order in the possession of persons or entities other than counsel for the parties to this Agreement. In lieu thereof, counsel may, at its option, confirm in writing to opposing counsel that counsel has destroyed all materials subject to

the provisions of this Consent Protective Order that were in the possession of persons or entities other than counsel for other parties to this Agreement. No individual or entity other than counsel for the parties to this Agreement may retain any documents which constitute confidential information subject to this Consent Protective Order and/or which incorporate or disclose confidential information. All confidential documents not returned or destroyed shall remain subject to this Consent Protective Order.

14. No provision of this Consent Protective Order shall be construed as restricting disclosure or use of any document or information by the party making production of the documents or information designated as "Confidential Information."

15. The parties retain the right to move before this Court for an Order seeking to modify the terms hereof.

16. This Order shall not prohibit the use of any documents or information subject to the Order at trial of this matter.

SO ORDERED, this the 27th day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

**AGREED AND CONSENTED TO BY**:

| | |
|---|---|
| GLENN, MILLS, FISHER<br>  & MAHONEY, P.A. | OGLETREE, DEAKINS, NASH<br>SMOAK & STEWART, P.C. |

/s/ Stewart W. Fisher
Stewart W. Fisher (NC Bar #10327)
Daniel N. Mullins (NC Bar# 48227)
Post Office Drawer 3865
Durham, North Carolina 27702-3865
Telephone:    (919) 683-2135
Facsimile:    (919) 688-9339
sfisher@gmfm-law.com
*ATTORNEYS FOR PLAINTIFF*

/s/ Regina W. Calabro
Regina W. Calabro (N.C. Bar No.: 20889)
Kimberly J. Lehman (N.C. Bar No.: 43001)
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Telephone: 919.787.9700
Facsimile: 919.783.9412
Regina.Calabro@odnss.com
Kimberly.lehman@odnss.com
*ATTORNEYS FOR DEFENDANT*